**Pamela A. STONE,\* Plaintiff-Appellee,**

**v.**

**Margaret HECKLER,\*\* Secretary of Health and Human Services, Defendant-Appellant.**

**No. 82–3017.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 1983.

Decided Dec. 16, 1983.

---

\* Pamela A. Stone is the wife of Glen E. Stone, who was the original plaintiff in this case. She was substituted for her husband under Fed.R. App.P. 43(a), pursuant to order of this court, upon the death of her husband.

\*\* Margaret Heckler has been substituted for Richard S. Schweiker, pursuant to Fed.R. App.P. 43(c)(1).

Philip Studenberg, Klamath Falls, Or., for plaintiff-appellee.

Gary Floerchinger, San Francisco, Cal., for defendant-appellant.

Before FLETCHER and NELSON, Circuit Judges and LYNCH,*** District Judge.

*** Honorable Eugene F. Lynch, United States District Judge for the Northern District of California, sitting by designation.

FLETCHER, Circuit Judge:

The Secretary appeals from the judgment of the district court reversing the Secretary's denial of disability benefits to Glen E. Stone, and remanding to the Secretary for further proceedings. We reverse the judgment in light of *Heckler v. Campbell,* —— U.S. ——, 103 S.Ct. 1952, 1957, 76 L.Ed.2d 66 (1983).

## ISSUES

1. Whether this is an appeal from a "final order" under 28 U.S.C. § 1291.

2. Whether the district court erred in ruling that the ALJ must make specific findings that Stone can perform specific jobs and that the Secretary's reliance on the medical-vocational guidelines was improper.

## FACTUAL BACKGROUND

On March 4, 1980, Stone applied for disability benefits. Stone had diabetes and was insulin dependent. He suffered from neopathic joint disease and bone degeneration in his feet. It was expected that the diabetes would lead to renal disease. He has since died. We do not know the cause of death, however, because no brief was filed on his behalf.

The ALJ found that Stone could not perform any of his previous work. The ALJ determined, however, that Stone was able to perform sedentary work and applied the medical-vocational guidelines contained in 20 C.F.R. pt. 404, subpart P, app. 2 (1982).[1]

The district court ruled that the Secretary should have used vocational experts and shown that Stone was capable of performing specific jobs and remanded for specific findings. The Secretary sought certification under § 1292(b) and filed a notice of appeal. Stone filed a motion before this court to dismiss the appeal on the grounds that the Government had failed to file a petition for permission to appeal with the clerk of this court as required under Fed.R. App.P. 5(a) and that the remand order was not final.

## DISCUSSION

*I. Jurisdiction Over the Appeal.*

■ The Government failed to petition this court for permission to appeal under Fed.R.App.P. 5(a). Thus, this court has no jurisdiction under 28 U.S.C. § 1292(b). We must therefore consider whether the remand order of the district court is a final order that will give us jurisdiction under 28 U.S.C. § 1291.

■ The Government's brief fails to provide the jurisdictional statement required by the rules of this court, *see* 9th Cir.R. 13(b)(1),[2] and the Government has filed no opposition to Stone's motion. Nonetheless, we determine that the order is final for purposes of appeal under § 28 U.S.C. § 1291.

In *Gilcrist v. Schweiker,* 645 F.2d 818 (9th Cir.1981) (per curiam), this court held that an order remanding for clarification of the

---

1. Stone was a 39-year-old married man with no children. He was functionally illiterate. He had been employed as a truck driver, gas station attendant, casino worker, security guard and dishwasher. A psychological profile indicated that he was stable. Based on these facts, the ALJ applied the guidelines and found that he was not disabled and could engage in sedentary work.

2. The Government has been singularly unhelpful to this court in deciding this case. Not only does its brief fail to comply with 9th Cir.R. 13(b) 1, 2, 3 and 4, but it fails to mention the facts of this case or even the names of the parties other than on the cover. We can only conclude that the Government does not take very seriously the processes of this court.

administrative decision on a factual issue was not "final" under 28 U.S.C. § 1291. However, we specifically reserved judgment on the issue of the finality of a remand order which finally determined a "separable legal issue." 645 F.2d at 819. This case squarely presents that issue.

The district court held that the ALJ could not rely on the medical-vocational guidelines promulgated by the Secretary, but should have made specific findings of specific jobs that the plaintiff can perform. On remand, the Secretary would be required to apply this legal standard. If, under this standard the Secretary found no jobs available, she must award disability benefits. She would not be able to appeal from such a finding.

The Supreme Court has instructed that section 1291 is to be given a "practical rather than a technical construction." *Cohen v. Beneficial Industrial Loans Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949); *Gillespie v. U.S. Steel Corp.*, 379 U.S. 148, 152, 85 S.Ct. 308, 311, 13 L.Ed.2d 199 (1964). "The inquiry requires some evaluation of the competing considerations underlying all finality—'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.'" *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 171, 94 S.Ct. 2140, 2149, 40 L.Ed.2d 732 (1974), *quoting Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511, 70 S.Ct. 322, 324, 94 L.Ed. 299 (1950).

The Fifth Circuit recently considered the finality of a similar order in the context of a remand of a worker's compensation claim to an ALJ under the Longshoremen's and Harbor Workers' Compensation Act. *Newpark Shipbuilding & Repair, Inc. v. Roundtree*, 698 F.2d 743 (5th Cir.), *reh'g granted*, 706 F.2d 502 (1983). In that case, as in the case at hand, the issue presented was whether the proper legal standard had been applied. The court recognized that if the court of appeals were to dismiss for lack of jurisdiction, the next proceeding would be

the ALJ's application of a possibly incorrect standard to the facts. If this standard were indeed wrong, the proceeding would be wasted. The court said, "With our decision today, the remaining issues will not be questions of law but merely the largely ministerial job of applying the law to the preexisting record." 698 F.2d at 747.

The same rationale applies here. The district court's decision is adverse to the Secretary and, if wrong, would result in a totally wasted proceeding below, from which the Secretary may not be able to appeal. Deciding this legal issue now will promote the least possible waste of judicial resources. In deciding whether district court remand orders are appealable, other courts have especially considered whether a holding of nonappealability would effectively deprive the litigants of an opportunity to obtain review. *See, e.g., Howell v. Schweiker*, 699 F.2d 524, 526 (11th Cir.1983) (remand order nonappealable when district court directed the Secretary to determine whether claimant could do substantial gainful work, because order could be effectively reviewed after remand); *Barfield v. Weinberger*, 485 F.2d 696, 697 (5th Cir.1973) (remand order nonappealable when court ordered Secretary to determine whether hearing met due process requirement; cause would not be unreviewable when finally adjudicated); *Gold v. Weinberger*, 473 F.2d 1376, 1378 (5th Cir.1973) (remand order appealable when district court denied Secretary's summary judgment motion, reversed Secretary's decision, and determined Secretary's burden of proof; unless allowed to appeal, Secretary would "never be allowed to reach the questions involved"); *Cohen v. Perales*, 412 F.2d 44, 48 (5th Cir.1969) (same procedural background, same result as *Gold;* court here decided admissibility of evidence) *rev'd on other grounds sub nom. Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

We note that the fact that the district court certified the case under § 1292(b) supports our decision to treat this as a final order despite the Government's inexcusable

failure to follow the Federal Rules of Appellate Procedure. The Supreme Court observed in *Gillespie* that "in light of the circumstances [that the questions presented are 'fundamental to the further conduct of the case'] we believe that the Court of Appeals properly implemented the same policy that Congress sought to promote in § 1292(b) by treating this obviously marginal case as final and appealable under 28 U.S.C. § 1291 (1958 ed)." 379 U.S. at 154, 85 S.Ct. at 312. Thus, we hold that the order is final under 28 U.S.C. § 1291 and that this court has jurisdiction over the appeal.

*II. The Use of Medical-Vocational Guidelines.*

 Claimants are disabled if a medically determinable physical or mental impairment prevents them from doing substantial gainful activity. *See Hall v. Secretary of HEW,* 602 F.2d 1372, 1375 (9th Cir.1979); 42 U.S.C. § 423(d)(1)(A). Although claimants have the burden of proving disability, once they show that their impairment prevents them from doing their previous job, the burden of going forward with the evidence shifts to the Secretary. *See Thompson v. Schweiker,* 665 F.2d 936, 939 (9th Cir.1982). The Secretary must show that claimants can do less demanding substantial gainful work, given their age, education, and work experience. *See Heckler v. Campbell,* 103 S.Ct. at 1954; 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f) (1982). To meet her burden the Secretary may rely on the medical-vocational guidelines in certain circumstances. 20 C.F.R. pt. 404 subpart P, app. 2.

The guidelines are a set of tables that direct a conclusion of disability or non-disability based on four factors: physical ability, age, education, and work experience. *See Campbell,* 103 S.Ct. at 1954–55 & n. 3. They constitute administrative notice of the existence of jobs for individuals with given limitations. But the guidelines describe only "major functional and vocational patterns." 20 C.F.R. pt. 404, subpart P, app. 2, § 200.00(a) (1982). If they fail accurately to describe a claimant's particular limitations, the Secretary may not rely on them alone to show the availability of jobs for that claimant. *Campbell,* 103 S.Ct. at 1955 n. 5; 20 C.F.R. pt. 404, subpart P, app. 2, § 200.00(a), (d) (1982).

The district court held that the Secretary could not rely solely on these guidelines, following this circuit's decision in *Hall,* 602 F.2d at 1377, and the decision in *Allen v. Schweiker,* 546 F.Supp. 623 (N.D. Cal.1981).[3] We have recognized that this holding was expressly rejected by the Supreme Court in *Campbell. Odle,* 707 F.2d at 440. Thus, we must reverse and remand for the district court to determine if the ALJ properly applied the guidelines and if the guidelines accurately describe Stone's condition in light of *Heckler v. Campbell.*

REVERSED and REMANDED.

---

**3.** The *Campbell* opinion had not been decided at the time of her ruling.