UNITED STATES of America, Plaintiff,

v.

LOUISIANA–PACIFIC
CORPORATION, Defendant.

Civ. No. 81–813–RE.

United States District Court,
D. Oregon.

Feb. 5, 1987.

Charles H. Turner, U.S. Atty., Portland, Or., Benjamin P. Schoen, Deputy Chief, Special Litigation Section, Civil Rights Div., Dept. of Justice, Washington, D.C., for plaintiff.

Clifford N. Carlsen, Jr., Michael E. Arthur, Miller, Nash, Wiener, Hager & Carlsen, Portland, Or., for defendant.

OPINION

REDDEN, District Judge:

Defendant Louisiana-Pacific Corporation (LP) moves for summary judgment on its third defense and counterclaim for improper conduct by the Federal Trade Commission (FTC), its fourth defense for violation of due process, and its fifth defense for

unclean hands. Alternatively, it moves for remand of this action to the FTC. I deny the motions for summary judgment, and grant the motion for remand.

Plaintiff United States (U.S.) moves for summary judgment on the fourth, fifth, and sixth defenses (mitigation), arguing that they do not bar, toll or avoid the imposition of a civil penalty as a matter of law. The U.S. also moves for summary judgment on the third defense and counterclaim. I deny these motions at this time, because of the remand.

BACKGROUND

In March 1978, LP sought to acquire by merger Fibreboard Corporation. Fibreboard owned extensive timber resources and a plant for medium-density fibreboard in Rocklin, California. The FTC soon began an investigation into the acquisition, and objected to it on the grounds that it would have anticompetitive effects. LP and the FTC negotiated, and reached a settlement on June 26, 1978, whereby the FTC agreed to withdraw its objections and LP agreed to divest itself of the Rocklin plant within two years of March 28, 1979, when the consent order became final. The parties agree that the consent order was valid.

On February 5, 1980, LP filed a petition to reopen the consent order (Petition I). Five months later it amended its petition by letter. The FTC denied Petition I on June 26, 1980.

On February 27, 1980, LP requested an 18 month extension of the divestiture date, which was denied. The divestiture period expired March 27, 1981.

LP filed another petition to reopen the consent order (Petition II) on June 25, 1981. Petition II stressed depressed conditions in the timber industry and argued that the recession and its effects constituted changed conditions calling for a reopening and modification of the consent order. Petition II incorporated Petition I. Petition II was denied by the FTC on July 31, 1981. LP still owned the Rocklin plant.

The FTC brought a civil penalty action against LP on September 4, 1981, alleging violation of Section 5($l$) of the Federal Trade Commission Act, 15 U.S.C. § 45($l$). LP filed its answer and counterclaim on October 1, 1981.

The U.S. moved for partial summary judgment on December 28, 1981, which motion was granted on February 23, 1982. A second summary judgment was entered on May 3, 1982, dismissing LP's counterclaim which alleged that the FTC had wrongfully denied the Petition II request to reopen. On December 28, 1982, I ordered that LP was to be fined $4.0 million.

LP sold the Rocklin plant the following year, obtaining court approval of the sale on December 13, 1983.

LP appealed the granting of summary judgment on its counterclaim, and challenged the civil penalty assessed. The appeal was successful, resulting in reversal of the summary judgment on the counterclaim, vacating of the civil penalty assessment, and remand to this court.

I ordered the FTC to make sufficient findings on LP's Petition II for reopening. The FTC filed its supplemental findings on June 5, 1986.

DISCUSSION

A. *LP's Motion for Summary Judgment*

■ LP argues that the constitutional tolling doctrine should prohibit the collection of any penalty during the period of time during which LP sought a modification of the consent order. This doctrine is expressed in several cited decisions: *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *Missouri Pacific Ry. v. Nebraska*, 217 U.S. 196, 30 S.Ct. 461, 54 L.Ed. 727 (1910); *Wadley Southern Ry. v. Georgia*, 235 U.S. 651, 35 S.Ct. 214, 59 L.Ed. 405 (1915); *Oklahoma Operating Co. v. Love*, 252 U.S. 331, 40 S.Ct. 338, 64 L.Ed. 596 (1920); and *United States v. Pacific Coast European Conference*, 451 F.2d 712 (9th Cir.1971). The doctrine asserts that a statute or order whose validity is uncertain and which imposes a fine so large that a challenge to its validity may be

deterred may be unconstitutional, because the statute or order's penalty in effect deprives persons of their right to challenge its validity. *Wadley,* 235 U.S. at 666, 35 S.Ct. at 219. Since a statute or order should be interpreted to save its constitutionality, the tolling of the penalty pending the test of the statute or order's validity may be implied. *Id.* 235 U.S. at 667, 35 S.Ct. at 220.

■ The constitutional tolling principle does not apply here, for several reasons. First, it is clear that even if the FTC had granted the petition to reopen, the order would have remained in effect. *United States v. Louisiana-Pacific Corporation,* 754 F.2d 1445, 1450 (9th Cir.1985). The legislative history reveals an intent on the part of Congress not to have a Section 5(*l*) action tolled while under consideration for modification. S. Rep. No. 96–500 at 10, U.S. Code Cong. & Admin. News 1980, pp. 1073, 1111.

Second, LP's request for modification of the consent order under section 5(b) was not a challenge to the *validity* of that order. They have admitted at all times that the consent order was valid. This distinguishes the present case from every case cited for the constitutional tolling doctrine. While it is true that penalty accumulation might tend to deter requests for modification just as penalty accumulation tends to deter challenges of validity, the right to seek modification of a valid order is less fundamental than the right to test the validity of a dubious order. *See Brown & Williamson Tobacco Corp. v. Engman,* 527 F.2d 1115, 1119 (2d Cir.1975). Furthermore, LP had a means to avoid the dilemma entirely. Section 5(b) requires FTC action on a request for modification not later than 120 days after the filing of the request. Thus, LP only had to file its request for modification more than 120 days prior to the day when divestiture was due, in order to fully pursue the request for modification without risking penalty accumulation. Instead, LP let sixteen months pass after Petition I before filing Petition II, and filed Petition II three months after

it was already in violation of the order. Consequestly, LP's dilemma, unlike that of the parties in the constitutional tolling cases, was of its own creation.

Finally, I note that we deal here with a consent order. *See Brown & Williamson,* 527 F.2d at 1119. A party to a consent order not only accepts its validity, but generally has had an opportunity to help form its terms and to receive some consideration in return for its submission. Here, LP was able to terminate the investigation of and objections to the acquisition of Fibreboard Corporation by consenting to the order. If LP had desired inclusion of certain conditions in the order regarding possible modification, it had at least an opportunity to negotiate for them.

LP's second argument for summary judgment is based on the FTC's failure to comply with the Administrative Procedures Act, 5 U.S.C. § 706(2)(A). It argues that this failure should be punished by refusing to impose any penalty for the period during which the FTC was not in compliance.

LP relies largely on *Top Value Meats, Inc. v. F.T.C.,* 586 F.2d 1275 (8th Cir.1978), a case where the FTC ignored an unambigious requirement of Section 16 of the Federal Trade Commission Act, and the FTC admitted its noncompliance with this requirement. *Id.* at 1282.

■ I distinguish *Top Value* on the basis that the FTC's conduct in the present case was not a known violation of an unambiguous requirement laid out in the text of the Act. It was a failure to correctly analyze a subtle mixed question of law and fact: i.e., whether LP had made a satisfactory showing of changed circumstances such that reopening was obligatory. This failure was largely due to a misunderstanding of the legal standard to be applied. The FTC collapsed the two-step process for a petition to reopen an order into one step, thinking that the reopening for consideration of modification should not be granted unless the changed circumstances *required* modification. This good faith error in reading Section 5(b) actually accords better with the literal wording of the statute than

the correct interpretation. *United States v. Louisiana-Pacific Corp.*, 754 F.2d at 1449 n. 3. The difficulty of determining the correct interpretation of Section 5(b) is further shown by the fact that the Ninth Circuit declined to fully decide Section 5(b)'s interpretation. *Id.* at 1449 n. 4.

The FTC's good faith and reasonable failure to discern the proper interpretation of Section 5(b) is not analogous to the FTC's failure to obey a clear statute in *Top Value.* Punishment of the FTC is not warranted in the present case. I reject this argument.

## B. *LP's Motion for Remand*

Section 5(b), 15 U.S.C. § 45(b), states in part:

(2) [I]n the case of an order, the Commission *shall* reopen any such order *to consider* whether such order ... should be altered, modified, or set aside, in whole or in part, if the person, partnership, or corporation involved files a request with the Commission which makes a satisfactory showing that changed conditions of law or fact require such order to be altered, modified, or set aside, in whole or in part.

(Emphasis added).

■ Section 5(b) envisions a two-step process. First is the decision whether to reopen for consideration of modification. The FTC *shall* do this if a satisfactory showing is made. The Ninth Circuit's opinion makes clear that a satisfactory showing is made if the petition states with particularity the changed conditions. *United States v. Louisiana-Pacific Corp.*, 754 F.2d at 1448–49. Second is the decision whether the FTC will, upon its consideration of the petition, modify the order. Here the FTC's discretion is greater, and the legislative history makes clear that the FTC is not required to modify the order simply because it is required to *consider* modification. *Id.* at 1449 n. 3.

I must find the FTC's Findings submitted June 10, 1986 to be in violation of 5 U.S.C. § 706(2)(A) in denying reopening for reconsideration of whether the order should have been modified. The FTC must reach step two in this case because LP stated the changed conditions with particularity. Specifically, LP pointed to its reduced capacity for production of particleboard and medium density fiberboard. This reduction tended to show a reduction of market power in the relevant market. Also, LP pointed to the then depressed conditions in the forest products industry, which made the divestiture of the Rocklin plan more onerous than originally thought.

I express no opinion on what the FTC should conclude, but I remand on the grounds that it was arbitrary and capricious not to reopen for consideration. They shall now reopen and consider whether the consent order should have been modified, altered or set aside, and if so, how.

## C. *U.S.'s Motions for Summary Judgment*

In view of the remand to the FTC, these motions are premature. I deny them at this time, with leave to renew them after the FTC decision if appropriate.

## CONCLUSION

LP's motion for summary judgment is denied. The constitutional tolling doctrine does not apply here where the legislative history of Section 5(b) shows that a Section 5 (*l*) action is not tolled by a petition for modification, where the order's validity was not in question, and where a consent order is involved. The second argument is not valid either, since the failure to correctly interpret Section 5(b) was both reasonable and in good faith, and thus not analogous to a failure to follow the explicit requirements of a statute.

LP's alternative motion for remand is granted. A petition for modification of an order presented to the FTC calls for a two-step analysis. Step one involves the question whether the order should be reopened for *consideration* of whether it should be modified, altered or set aside. Such reopening shall be granted upon a satisfactory showing, and a satisfactory showing is made if the petitioner states

with particularity the changed conditions. Step two involves the question whether the order *should* be modified, altered or set aside. The FTC violated 5 U.S.C. § 706(2)(A) in finding that LP had not made a satisfactory showing of changed conditions. Thus, I remand so that the FTC can proceed to step two and determine whether the consent order should have been modified, altered or set aside, and if so, how.

The U.S.'s motion for summary judgment is denied. The decision to remand this action to the FTC makes such a motion premature.