**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**LOUISIANA–PACIFIC CORPORATION,**
**Defendant–Appellee.**

**No. 87–3764.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 1988.

Decided May 3, 1988.

**44**

Harold J. Krent, Asst. U.S. Atty., Washington, D.C., for plaintiff-appellant.

Clifford N. Carlsen, Jr., Miller, Nash, Wiener, Hager & Carlsen, Portland, Or., for defendant-appellee.

Before GOODWIN, NELSON and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

The United States (hereinafter "FTC") appeals from the district court's order granting Louisiana Pacific's ("LP") motion for remand to the Federal Trade Commission. In granting the motion to remand, the district court ordered the FTC to reopen a consent order to consider whether and how it should be modified, altered, or set aside, 654 F.Supp. 962. In its appeal, the FTC contends that the district court incorrectly construed 15 U.S.C. § 45(b) in finding that LP had made a satisfactory showing of changed conditions of law or

fact. We dismiss FTC's appeal for lack of appellate jurisdiction and do not reach the merits.

Ordinarily, a remand order is not appealable. *Eluska v. Andrus*, 587 F.2d 996, 999 (9th Cir.1978). Under the collateral order doctrine, interlocutory appeals are allowed if taken from final orders that are separable from and collateral to the merits of the action. *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). To come within the collateral order doctrine, the order appealed from must (1) conclusively determine the disputed question; (2) resolve an important issue separate from the merits; and (3) be effectively unreviewable on appeal from a final judgment. *Stringfellow v. Concerned Neighbors in Action*, — U.S. —, 107 S.Ct. 1177, 1181–82, 94 L.Ed.2d 389 (1987) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457–58, 57 L.Ed.2d 351 (1978)).

The district court's order remanding the question of whether the consent decree should be reopened does not "conclusively determine the disputed question," because the order of remand does not dictate the result of the reconsideration. The FTC may or may not find that the consent decree should be modified. *See Coopers & Lybrand*, 437 U.S. at 468, 98 S.Ct. at 2457–58; *compare Cohen*, 337 U.S. at 546–47, 69 S.Ct. at 1226 (district court order that defendant need not post security bond conclusively determined disputed question). The FTC's decision on remand whether to alter, modify, or set aside the consent order may affect the district court's determination of an appropriate civil penalty. The remand order is not completely separate from the merits of the action, but is "'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Eluska*, 587 F.2d at 1001 (quoting *Coopers & Lybrand*, 437 U.S. at 469, 98 S.Ct. at 2458). The remand order is not appealable under the collateral order doctrine.

Neither is the remand order appealable under *Stone v. Heckler*, 722 F.2d 464 (9th

Cir.1983), in which the court held that a district court order reversing a denial of Social Security disability benefits and remanding to the Secretary of Health and Human Services constitutes a final order under 28 U.S.C. § 1291. *Id.* at 466–67. In *Stone,* the district court essentially granted the social security claimant all relief she was seeking by forcing the Secretary to reconsider her claim for disability benefits in light of a standard different from that which the Secretary had previously applied. *Id.* Thus, the district court finally determined a separable legal issue; after a decision on remand, the Secretary would have no right to appeal, and the Secretary would have been required to apply the district court's formulation of the particular legal standard involved without ever having the opportunity to have that formulation reviewed.

Although the FTC's decision whether to alter, modify, or set aside the consent order may affect the district court's determination of an appropriate civil penalty, the FTC's decision will not preclude it from seeking the imposition of a civil penalty. *See United States v. Louisiana–Pacific Corp.,* 754 F.2d 1445, 1450 (9th Cir.1985). Therefore, the district court's remand order is clearly distinguishable from the order in *Stone* and does not constitute a final, appealable order.

█ Finally, the remand order is not appealable under 28 U.S.C. § 1292(a)(1), which provides in relevant part that "the courts of appeals shall have jurisdiction of appeals from … [i]nterlocutory orders of the district courts of the United States … granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court." In *Carson v. American Brands, Inc.,* 450 U.S. 79, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981), the Supreme Court established a three-part test to apply in determining whether an appeal falls under 28 U.S.C. § 1292(a)(1): (1) the order must have the practical effect of the grant or denial of an injunction; (2) the order must have serious, perhaps irreparable consequences; and (3)

the order must be one that can be effectively challenged only by immediate appeal. *Id.* at 83–84, 101 S.Ct. at 996–97; *see also Thompson v. Enomoto,* 815 F.2d 1323, 1326–27 (9th Cir.1987).

The remand order at issue here does not meet the first prong of the *Carson* test, because it does not have the practical effect of granting or denying an injunction. Therefore the order is not appealable under 28 U.S.C. § 1292(a)(1).

The appeal is dismissed for lack of appellate jurisdiction.