**CITY OF ASHLAND,**
**Plaintiff–Counter–Defendant–Appellee,**

v.

**Mark COOPER,**
**Defendant–Counter–Claimant–Appellant,**

**and**

**Ron Salter, Counter–Defendant.**

**No. 87–3708.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 4, 1988.*

Decided Dec. 22, 1988.

Mark K. Cooper, Santa Rosa, Cal., pro se.

Georgia L. Daniels, Ashland, Or., for plaintiff-counter-defendant-appellee and counter-defendant.

Before FLETCHER, KOZINSKI and TROTT, Circuit Judges.

TROTT, Circuit Judge:

Mark Cooper was sued in state court by the City of Ashland for damages arising from an alleged breach of contract. At that time, Cooper had pending in federal court a civil rights action against the City and other defendants. Cooper filed a petition in forma pauperis to remove the state court action to federal district court. He also petitioned to proceed without posting a removal bond as required by 28 U.S.C. § 1446(d). The district court granted Coo-

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

per indigent status under 28 U.S.C. § 1915(a), but denied his petition to remove without posting the requisite bond. This pro se appeal followed. The only issue to be resolved on review is whether a litigant who has been permitted to proceed in forma pauperis may be relieved of the obligation to file a removal bond.

## I

As an initial matter, we must consider whether we may review the denial of a petition for removal. Had this case involved a final order of remand, such order would ordinarily be unappealable. A district court's order remanding a removed case to state court on grounds specified in section 1447(c) "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d); *Schmitt v. Ins. Co. of North America,* 845 F.2d 1546, 1550 (9th Cir.1988).

This case, on the other hand, does not fall within the purview of section 1447, as it has never been removed to the federal court. Here, the district court simply denied appellant's petition for removal pursuant to 28 U.S.C. § 1446(d).[1]

■ On similar procedural facts, it was held in *Pasquarella v. Santos,* 416 F.2d 436 (1st Cir.1969), that the appellate court had jurisdiction to review the propriety of a district court's order that appellant's post a removal bond when leave to proceed in forma pauperis had been granted. The court in *Pasquarella* stated:

At the threshold we must consider our jurisdiction. An interlocutory order is not normally appealable. We consider this order to post a bond, however, to be within the rule of *Cohen v. Beneficial Industrial Loan Corp.,* 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528.

*Pasquarella,* 416 F.2d at 437 (footnote omitted).

We believe the same considerations that led the court to grant an appeal in *Pasquarella* are present in this case. The three-part test for determining whether a particular order comes within the collateral order doctrine certainly appears to be satisfied. *See Cohen,* 337 U.S. at 546, 69 S.Ct. at 1225; *United States v. Louisiana–Pacific Corp.,* 846 F.2d 43, 44 (9th Cir.1988). Accordingly, we find that we have jurisdiction to entertain this appeal pursuant to 28 U.S.C. § 1291.[2]

## II

Appellant contends that the district court abused its discretion in allowing him to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), while concurrently demanding a removal bond under section 1446(d).

Section 1915(a) provides in pertinent part:

Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor.

28 U.S.C. § 1915(a). This statute, as explained by the Supreme Court, was intended to guarantee that no person "shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because his poverty makes it impossible for him to pay or secure the costs." *Adkins v. Dupont Co.,* 335 U.S. 331, 342, 69 S.Ct. 85, 90, 93 L.Ed. 43 (1948) (citing predecessor to § 1915(a)).

Respondents attempt to argue that, while section 1446(d) involves mandatory language ("Each petition for removal …

---

**1.** 28 U.S.C. § 1446(d) sets forth:

Each petition for removal of a civil action or proceeding, except a petition in behalf of the United States, shall be accompanied by a bond with good and sufficient surety conditioned that the defendant or defendants will pay all costs and disbursements incurred by reason of the removal proceedings should it

be determined that the case was not removable or was improperly removed.

**2.** Even if we assume that Cooper's action had been removed, the order would still be appealable. Cooper attempted to remove this action under 28 U.S.C. § 1443. Section 1447(d) expressly provides that orders remanding cases removed pursuant to § 1443 are reviewable.

*shall* be accompanied by a bond ..."), the language of section 1915(a) is discretionary ("A court ... *may* authorize the ... defense of any suit ... without prepayment of fees and costs or security therefore ..."). Accordingly, they contend that the district court could not have abused its discretion by requiring that which was mandatory, and prohibiting that which was discretionary.

Such an argument was rejected by the only appellate court to have addressed the issue. In *Pasquarella, supra,* an action was brought in state court for rent and other relief. Defendants sought to remove the action to district court and obtained leave to proceed in forma pauperis under section 1915(a). They did not file the removal bond required by section 1446(d). Plaintiffs objected because of this failure. The district court, holding that defendants were not relieved of the obligation to file the bond, ordered them to post it.

The circuit court, in reversing the district court's order, construed section 1446(d) *in pari materia* with section 1915(a). It held that the removal bond was within the scope of the permissive waiver effected by section 1915(a), notwithstanding the mandatory language of section 1446(d). Relying on the fact that the benefit for indigents waives other mandatory provisions in the Code, the court stated:

> Nor do we feel that there is an irreconcilable conflict between the waiver provision in section 1915(a) and the unqualified language of section 1446(d). The seeming purpose of section 1915(a) is to waive in one stroke what would otherwise be obligations, rather than insert a separate exception in each provision imposing them. *Compare* 28 U.S.C. §§ 1917, 1921, which, like § 1446(d), do not expressly except litigants proceeding in forma pauperis.

*Pasquarella,* 416 F.2d at 437–38.

■ Accordingly, we hold that although the removal statute's bond requirement is expressed in mandatory terms, the district court has discretion as to whether to waive it for an indigent litigant. In this case, however, the district court in denying re-

consideration of the magistrate's ruling denying the petition for removal apparently was under the impression that the bond requirement was mandatory and nonwaivable, stating: "[28 U.S.C.] § 1446, which authorizes and permits removal, *requires* that the petitioner post a bond." Clerk's Record 7 (emphasis added). Thus, to the extent the district court did not recognize the discretion it was permitted to exercise, we remand for the exercise of such discretion in light of this opinion.

REVERSED AND REMANDED.