880 F.2d 1135
 Robert BISH, Petitioner,
v.
BRADY-HAMILTON STEVEDORE COMPANY and State Accident
Insurance Fund Corporation, Respondents,
and
Director, Office of Workers' Compensation Programs,
Department of Labor, Respondent.
 No. 86-7616.
 United States Court of Appeals,
Ninth Circuit.
 Argued Nov. 6, 1987.
Submitted June 30, 1989.
Decided July 27, 1989.
 
 Robert K. Udziela, Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland, Or., for petitioner.
 John Dudrey, Williams, Fredrickson, Stark & Weisensee, P.C., Portland, Or., and Joshua T. Gillelan, II, U.S. Dept. of Labor, Washington, D.C., for respondents.
 On Petition for Review of an Order of the Benefits Review Board.
 Before HUG, FARRIS and CANBY, Circuit Judges.
 HUG, Circuit Judge:
 
 
 1
 Robert Bish petitions for review of an order of the Benefits Review Board vacating the administrative law judge's order denying modification of Bish's disability compensation award and remanding for reconsideration in light of a new legal standard. Because we find that the remand does not constitute a final order, we dismiss the appeal for lack of jurisdiction.
 
 I.
 
 2
 On January 15, 1978, Robert Bish, a longshoreman since 1955, suffered multiple injuries after a fall while working for the Brady-Hamilton Stevedore Company ("Brady-Hamilton"). In December 1979, Bish went before an administrative law judge ("ALJ") to seek compensation for his work-related injuries. The ALJ determined that the fall had left Bish with a permanent partial disability and, in February 1980, awarded compensation under Section 8(c)(21) of the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. Secs. 901-950 (1982 & Supp. V 1987). The award was not appealed.
 
 
 3
 In November 1980, Brady-Hamilton and the State Accident Insurance Fund Corporation ("SAIF") petitioned under LHWCA Sec. 22 for modification of Bish's award. Brady-Hamilton and SAIF initially sought modification on the ground that there had been an increase in Bish's work hours which amounted to a "change in conditions" as required by section 22 for an award modification. They later added the claim that the ALJ had made a mistake in a determination of fact, another ground for modification under section 22.
 
 
 4
 In August 1982, the parties went before a different ALJ to present the modification issue. In November 1982, the ALJ held that section 22 requires a showing of a change in the claimant's physical condition to support a modification award. Changes in economic circumstances alone were deemed insufficient to allow for modification. The parties had agreed that Bish's physical condition had not improved and may have worsened slightly since the accident. The ALJ rejected the mistake claim and denied the modification petition.
 
 
 5
 In December 1982, Brady-Hamilton and SAIF petitioned the Benefits Review Board for a review of this decision. While the Board considered the petition, the Fourth Circuit affirmed a Board decision that allowed consideration of changes in a claimant's economic conditions in a modification action. Fleetwood v. Newport News Shipbuilding & Dry Dock Co., 776 F.2d 1225 (4th Cir.1985). The Board vacated the ALJ's order denying modification of Bish's disability award and remanded the case for further consideration in light of Fleetwood. Bish petitioned us to review the remand order in October 1986.II.
 
 JURISDICTION
 
 6
 This case presents a jurisdictional issue raised by the Director of the Office of Workers' Compensation Programs of the Department of Labor ("Director"). We have appellate jurisdiction to review an order of the Board only if the order is final. 33 U.S.C. Sec. 921(c). Bish, Brady-Hamilton, and SAIF, in supplemental briefs, contend that we have appellate jurisdiction and ask us to decide the issue of law raised in this appeal.[1] The Director contends that the Board's order remanding the case to the ALJ for application of the new legal standard announced in Fleetwood is not a final order and does not fit within any of the exceptions to the finality requirements. We agree with the Director.
 
 
 7
 The law of this circuit states that remand orders are generally unreviewable. Our circuit has held that "[t]he 'final order' requirement of 33 U.S.C. Sec. 921(c) furthers the same policies as the finality rule embodied in 28 U.S.C. Sec. 1291." Nat'l Steel & Shipbuilding Co. v. Director, Office of Workers' Compensation Programs, 626 F.2d 106, 107 (9th Cir.1980) (citing Newport News Shipbuilding & Dry Dock Co. v. Director, Office of Workers' Compensation Programs, 590 F.2d 1267, 1268 (4th Cir.1978) (per curiam)). In considering section 1291, we have held that a remand order is ordinarily not final and appealable under section 1291. Id. at 108; Eluska v. Andrus, 587 F.2d 996, 999 (9th Cir.1978) (citations omitted). These rulings demonstrate our extreme reluctance to hear a case on appeal in the absence of a decision that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633-34, 89 L.Ed. 911 (1945).
 
 
 8
 Although the Supreme Court has created an exception to the finality rule, known as the "collateral order" doctrine, that exception does not apply to the remand order at issue here. In Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), the Supreme Court held that the appellate courts may review nonfinal orders that "fall in that small class [of rulings] which finally determine claims of right separable from, and collateral to, rights asserted in the action ... [and are] too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen, 337 U.S. at 546, 69 S.Ct. at 1225-26. Recent Supreme Court opinions have emphasized that this "collateral order" exception covers only a highly restricted class of orders. See, e.g., Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457-58, 57 L.Ed.2d 351 (1978) (holding that an order denying class certification was not immediately appealable). To come within the exception, the order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment. Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 375, 107 S.Ct. 1177, 1181-82, 94 L.Ed.2d 389 (holding that the collateral order doctrine did not render an order denying "intervenor as of right" status appealable); United States v. Louisiana-Pacific Corp., 846 F.2d 43, 44 (9th Cir.1988) (holding that order remanding to Federal Trade Commission to reopen consent decree to consider whether it should be modified, altered or set aside was not appealable under collateral order doctrine). These factors constitute a three-part test, and a party seeking review must show that all three requirements have been satisfied. Stringfellow, 480 U.S. at 375, 107 S.Ct. at 1181-82.
 
 
 9
 The "collateral order" exception does not apply to this remand order. Even if we were to assume that the first two parts of the test were satisfied, the third part is not. After the ALJ has applied the new standard as directed by the Board, and renders a final order, Bish may appeal that final order under section 921(c).
 
 
 10
 Our holding today does not conflict with our decisions in Stone v. Heckler, 722 F.2d 464 (9th Cir.1983) or Regents of the Univ. of Cal. v. Heckler, 771 F.2d 1182 (9th Cir.1985), in which we found a remand order appealable. Unlike the present case, in which our jurisdiction arises, if at all, pursuant to 33 U.S.C. Sec. 921(c), our jurisdiction in Stone and Regents was founded on 28 U.S.C. Sec. 1291. This distinction is not a mere technicality.
 
 
 11
 In Stone and Regents, the court applied the "pragmatic finality test" enunciated in Gillespie v. U.S. Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964), and thus weighed the "competing considerations underlying all finality--'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.' " Stone, 722 F.2d at 467 (citations omitted). We recently discussed in In re Subpoena Served on California Pub. Util. Comm'n, 813 F.2d 1473, 1480 (9th Cir.1987), the application of the practical finality doctrine applied in the Gillespie case. We noted that it was to be sparingly used and that the court had subsequently narrowly construed the application of that doctrine. Id. at 1479-80 (citing Coopers v. Lybrand, 437 U.S. at 477 n. 30, 98 S.Ct. at 2462 n, 30). We stated "[t]he pragmatic finality doctrine is limited to the circumstances of Gillespie in the context of section 1291 appeals." Id. at 1480. This is an appeal under 33 U.S.C. Sec. 921(c), not section 1291. One of the reasons specified in Gillespie for finding appellate jurisdiction in that case was that it implemented the same policy Congress sought to promote in section 1292(b). In section 1292(b), Congress has set forth a method to permit interlocutory appeals from decisions of district courts as an exception to the finality requirement of section 1291. Congress has enacted no such provision permitting interlocutory appeals as an exception to the finality requirement of 33 U.S.C. Sec. 921(c). This significant justification for an exception to the finality rule specified in Gillespie does not exist in this case. There is no comparable policy of Congress that would be implemented by allowing an appeal before final judgment in this case.
 
 CONCLUSION
 
 12
 For these reasons, we dismiss the appeal. The clerk of the court will retain the briefs in the event that a future appeal is taken.
 
 
 13
 DISMISSED.
 
 
 
 [1]
 Brady-Hamilton and SAIF initially filed a motion to dismiss this petition for lack of jurisdiction on the same grounds as those urged by the Director. Although a motions panel denied the motion, we may still consider this jurisdictional issue. See Regents of the Univ. of Cal. v. Heckler, 771 F.2d 1182, 1186 n. 8 (9th Cir.1985)