983 F.2d 1077
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Patrick W. O'BRYAN, Plaintiff-Appellant,
v.
Loretta BOWMAN, Defendant-Appellee.
 No. 91-16037.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 31, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Patrick W. O'Bryan (O'Bryan), a Nevada state prisoner, appeals pro se the district court's dismissal of his complaint under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, as frivolous pursuant to 28 U.S.C. § 1915(d)[1]. O'Bryan seeks copies of all documents in "Case No. C93991." Defendant Loretta Bowman (Bowman) is the clerk of court for the eighth judicial district court of the State of Nevada.
 
 
 3
 The district court dismissed O'Bryan's complaint on the basis that the alleged deprivation of O'Bryan's civil rights occurred pursuant to 5 U.S.C. § 552, which applies only to federal government agencies. Since Bowman was a state agent, O'Bryan's action was frivolous. See Franklin v. State of Oregon, 563 F.Supp. 1310, 1311 (Or.1983), aff'd sub. nom., Franklin v. Murphy, 745 F.2d 1221 (9th Cir.1984).
 
 
 4
 O'Bryan argues that the district court mistakenly construed his complaint as one under 42 U.S.C. § 1983 and, therefore, required that O'Bryan plead state action. He contends that his action is under 5 U.S.C. §§ 552 and 552a, not 42 U.S.C. § 1983.
 
 
 5
 The district court construed O'Bryan's complaint as one under 42 U.S.C. § 1983. This construction derives from a preprinted form used by O'Bryan for his motion for leave to proceed in forma pauperis. (C.R. 2) That form requires the author to characterize his/her action as one of two types: "habeas corpus/civil rights" or "action[s] under 28 U.S.C. § 2255 or Fed.R.Crim.P. 35." (Id.) Faced with this choice, O'Bryan chose the former alternative.
 
 
 6
 A review of O'Bryan's one page complaint reveals that O'Bryan seeks to state a claim under 5 U.S.C. § 552, not 42 U.S.C. § 1983. Nonetheless, the district court did not err in dismissing O'Bryan's complaint. The FOIA applies to all "agencies," 5 U.S.C. § 552. "Agencies" are defined as "each authority of the Government of the United States." 5 U.S.C. § 552(1). The FOIA does not apply to state governments. St. Michael's Convalescent v. State of Cal., 643 F.2d 1369, 1373 (9th Cir.1981); Kerr v. United States Dist. Ct. for North. Dist. of Cal., 511 F.2d 192, 197 (9th Cir.1975). As O'Bryan seeks records from a state agency, which is not subject to the FOIA, the district court properly dismissed his complaint.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The district court dismissed O'Bryan's FOIA claim as frivolous and granted O'Bryan leave to amend his equal protection claim because O'Bryan failed to file his complaint on the proper form for a 42 U.S.C. § 1983 action. Given that O'Bryan's FOIA claim was found frivolous and O'Bryan did not amend his complaint as to his equal protection claim, this court has jurisdiction under the pragmatic finality test. See Stone v. Heckler, 722 F.2d 464 (9th Cir.1983)