**Sandra K. FORNEY, Plaintiff–Appellant,**

v.

**Shirley S. CHATER, Secretary, Commissioner, Social Security Administration, Defendant–Appellee.**

**No. 95–35560.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 1996.

Decided March 4, 1997.

---

Before: CANBY, RYMER and KLEINFELD, Circuit Judges.

**OPINION**

CANBY, Circuit Judge:

Sandra K. Forney appeals the district court's order that remanded to the Administrative Law Judge ("ALJ") Forney's application for disability benefits under the Social Security Act. A threshold issue is whether Forney, who has prevailed in district court to the extent of winning a remand pursuant to sentence four of 42 U.S.C. § 405(g), may now appeal the district court's ruling to this court. We conclude that she may not, and accordingly dismiss the appeal.

**I. Facts**

Forney applied for disability benefits in 1991. Her application was denied and she requested a hearing. An administrative law judge (ALJ) held a hearing and denied benefits. The ALJ's decision was reviewed by the Appeals Council, which remanded the matter to the ALJ for a further hearing. The ALJ again denied the claim, and this time the Appeals Council denied review.

Forney then sought review in district court, pursuant to 42 U.S.C. § 405(g). The district court ruled on four of Forney's contentions. First, it held that the ALJ did not err in rejecting the testimony of Forney's treating physician, because it conflicted with Forney's own testimony. Second, the district court upheld the ALJ's discrediting of Forney's testimony regarding the severity of her pain; the district court stated that the ALJ made specific findings regarding Forney's courtroom appearance and testimony that were sufficient to support the finding. Third, the court held that the hypothetical questions posed to the vocational expert included all of Forney's relevant physical limitations, in light of the permissible disregard of the testimony of her treating physician. Fourth and last, the district court ruled that the vocational expert incorrectly selected as employment available to Forney several oc-

Ralph Wilborn, Ralph Wilborn and Etta L. Wilborn, Eugene, Oregon, for plaintiff-appellant.

Kathryn A. Warma, Assistant Regional Counsel, Social Security Administration, Seattle, Washington, for defendant-appellee.

cupations that required frequent or constant reaching, when the credited expert testimony was that Forney's capacity to reach was impaired. In consequence of this last ruling, the district court held that the Secretary had failed to sustain her burden of showing that Forney, who could no longer perform her previous work, can engage in substantial work in the economy. The district court then remanded the matter to the Secretary for further proceedings, which will presumably include further inquiry into whether there are any occupations that Forney, with her impaired reaching ability, can engage in.

## II. Appealability

■ Forney now appeals, seeking to challenge the district court's first three rulings. The threshold issue is whether Forney may appeal at this time when the district court has ordered a remand under sentence four of § 405(g) that may result in an award of all benefits she claimed. We conclude that she may not.

A few years ago, before the Supreme Court's most recent pronouncements dealing with such remands, we would have said that the district court's decision was not "final," within the meaning of 28 U.S.C. § 1291, insofar as Forney is concerned. We so held in a similar situation in *Gilcrist v. Schweiker*, 645 F.2d 818, 819 (9th Cir.1981). In *Gilcrist*, an ALJ had rejected a claim of disability from back pain, in part because the allegations of pain were inconsistent with the ALJ's personal observation of the claimant. The district court remanded the matter to the Secretary for reconsideration in light of the extensive medical history of Gilchrist's efforts to secure relief from pain. We held that this remand "does no more than order clarification of the administrative decision," and provided nothing final for us to review. *Id.* at 819.

*Gilcrist* was distinguishable from another line of our cases, in which we permitted the *Secretary* to appeal from an order of the district court deciding a separable legal issue and remanding the matter to the administrative agency for further proceedings. The leading example is *Stone v. Heckler*, 722 F.2d 464, 466–68 (9th Cir.1983). In *Stone*, an ALJ

had applied the Secretary's medical-vocational guidelines to find no disability. On review, the district court held that the ALJ could not rely on those guidelines, but would have to make specific factual findings on jobs that the claimant could perform. *Stone*, 722 F.2d at 467. The Secretary appealed, arguing that the district court had applied an improper legal standard that would govern further proceedings and should be subject to immediate appellate review. We held that the district court's decision was "final" and appealable by the Secretary, stating:

> The district court's decision is adverse to the Secretary and, if wrong, would result in a totally wasted proceeding below, from which the Secretary may not be able to appeal. Deciding this legal issue now will promote the least possible waste of judicial resources.

*Id.* We recognized that numerous other courts, in deciding whether remand orders were appealable, had "especially considered whether a holding of nonappealability would effectively deprive the litigants of an opportunity to obtain review." *Id.*

We have followed *Stone* in other cases where the Secretary or similar administrative official sought to appeal orders remanding for administrative proceedings that would be governed by a separable, arguably incorrect, legal standard incorporated in the remand decision. *See Regents of the Univ. of Calif. v. Heckler*, 771 F.2d 1182, 1187 (9th Cir.1985) (amended opinion) (Secretary of Health and Human Services may appeal adverse decision remanding for further administrative proceedings; *Kaho v. Ilchert*, 765 F.2d 877, 880–81 (9th Cir.1985)) (District Director of INS may appeal remand order). The key to all of these decisions is that, if no appeal of the remand order were permitted, the Secretary might later be precluded from any appeal. The principle was best explained in *Chugach Alaska Corp. v. Lujan*, 915 F.2d 454, 457 (9th Cir.1990). In *Chugach*, we permitted the Secretary of the Interior to appeal a district court decision interpreting the Alaska Native Claims Settlement Act and remanding an affected Native group's boundary dispute to the Interior Board of Land Appeals. In explaining why

we would review the statutory interpretation prior to the remand, we said:

> [F]ailing to permit immediate appeal might foreclose review altogether: Should the Secretary lose on remand, there would be no appeal, for the Secretary cannot appeal his own agency's determinations.

*Id.; see also United States v. Louisiana–Pacific Corp.*, 846 F.2d 43, 45 (9th Cir.1988) (declining to permit United States to appeal remand order when it would have means of securing later review; distinguishing *Stone* where, after remand, "the Secretary would have no right to appeal").

These considerations do not apply, of course, to Forney. If she is denied benefits on remand, nothing prevents her from seeking review of the denial. Moreover, she may prevail in the administrative proceedings on remand and obtain complete relief. Accordingly, we would have been inclined, under our prior analysis, to hold that the district court's remand decision was not "final" as to Forney.

In recent years, however, the Supreme Court has spoken in terms that necessarily modify our former approach to "finality" of remand decisions. In *Sullivan v. Finkelstein*, 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990), the Court permitted the Secretary to appeal as final a decision remanding a Social Security disability claim for further administrative proceedings. As in our cases just discussed, the Court pointed out that, "should the Secretary on remand undertake the inquiry mandated by the District Court and award benefits, there would be grave doubt, as the Court of Appeals recognized, whether he could appeal his own order." *Id.* at 625, 110 S.Ct. at 2664.

In discussing the question of finality of district court decisions under § 405(g), how-

ever, the Court made clear that decisions by a district court remanding under the fourth sentence of § 405(g) ended the civil action brought to review the Secretary's initial decision.[1] "The use of the term 'a civil action' suggests that at least in the context of § 405(g), each final decision of the Secretary will be reviewable by a separate piece of litigation." *Id.* at 624–25, 110 S.Ct. at 2663. The fourth sentence of § 405(g) authorizes the district court "to enter 'a *judgment* affirming, modifying, or reversing the decision of the Secretary, *with or without remanding the cause for a rehearing.*'" *Id.* at 625, 110 S.Ct. at 2664 (quoting 405(g) (emphasis by the Supreme Court)). Thus, according to the Supreme Court:

> The District Court's remand order was unquestionably a "judgment," as it terminated the civil action challenging the Secretary's final determination that respondent was not entitled to benefits, set aside that determination, and finally decided that the Secretary could not follow his own regulations in considering the disability issue.

*Id.* In light of this comment that the remand order terminates the civil action, we cannot very well conclude that the decision in our case is not final for Forney as well as for the Commissioner.[2]

The fact remains, however, that Forney possibly may obtain all of the relief she seeks in the administrative proceedings on remand. The considerations of judicial economy that, before *Finkelstein*, led us to hold remands generally non-final are still present. There is a temptation, accordingly, to resist the conclusion that *Finkelstein* makes a sentence-four remand final for the claimant as well as the Secretary. After all, the Court in *Finkelstein* stated that it was not making a rule for all remands: "There is, of course, a

---

1. Remands are also authorized by the sixth sentence of § 405(g), and those remands do not necessarily terminate the civil action. The sixth sentence authorizes remands only when the Commissioner so moves before filing an answer, or when there is a showing of new material evidence and good cause for not earlier placing it in the record. Neither of these conditions is met in the present case. Forney's remand order therefore falls under the fourth sentence of 405(g). *See Finkelstein*, 496 U.S. at 626, 110

S.Ct. at 2664; *Shalala v. Schaefer*, 509 U.S. 292, 297 & n. 2, 113 S.Ct. 2625, 2629 & n. 2, 125 L.Ed.2d 239 (1993).

2. It makes no difference that the district court, in remanding, purported not to enter a judgment. The sentence-four remand order *is* a final judgment, whether or not denominated as such. *Shalala*, 509 U.S. at 303 & n. 6, 113 S.Ct. at 2632 & n. 6.

great variety of remands, reflecting in turn the variety of ways in which agency action may be challenged in the district courts and the possible outcomes of such challenges." *Id.* at 623, 110 S.Ct. at 2662–64 (footnote omitted). The Court was only ruling on "whether orders of the type entered by the district court are immediately appealable *by the Secretary.*" *Id.* And all but one [3] of the published decisions of the courts of appeals applying *Finkelstein* involve instances in which the Secretary or comparable agency official is allowed to appeal because, if the remand results in victory for the claimant, the Secretary will be unable to appeal. *See, e.g., St. Francis Medical Ctr. v. Sullivan,* 962 F.2d 1110, 1114 (3d Cir.1992); *Colvin v. Sullivan,* 939 F.2d 153, 155 (4th Cir.1991); *Travis v. Sullivan,* 985 F.2d 919, 922–23 (7th Cir.1993); *Baca–Prieto v. Guigni,* 95 F.3d 1006, 1009 (10th Cir.1996).

In the end, however, it is apparent that to conclude that a sentence-four remand is not final for the claimant is analytically untidy; it is flatly inconsistent with the Supreme Court's insistence in *Finkelstein* that a sentence-four remand terminates the civil action. Indeed, it is error for the district court to attempt to retain jurisdiction upon making a sentence-four remand. *See Shalala,* 509 U.S. at 298–300, 113 S.Ct. at 2630. Thus the Fifth Circuit has interpreted *Finkelstein* to preclude a claimant who has been denied benefits administratively after a sentence-four remand from reinstating her district court action to secure further review. *Frizzell v. Sullivan,* 937 F.2d 254, 256–57 (5th Cir.1991). In order to contest the post-remand denial of benefits, the claimant must institute a new action. *See id.* at 255. The civil action ending in a sentence-four remand,

therefore, must be "final," in a formalistic sense, for all parties to it.[4]

That fact, however, does not necessarily entitle Forney to appeal the district court's decision. A prevailing party normally may not appeal the decision in its favor. *See Electrical Fittings Corp. v. Thomas & Betts Corp.,* 307 U.S. 241, 242, 59 S.Ct. 860, 861, 83 L.Ed. 1263 (1939) ("A party may not appeal from a judgment or decree in his favor, for the purpose of obtaining review of findings he deems erroneous which are not necessary to support the decree"); *United States v. Good Samaritan Church,* 29 F.3d 487, 488 (9th Cir.1994) (following *Electrical Fittings*). There can be little doubt that a claimant "prevails" in the view of the Supreme Court when he or she succeeds in securing a sentence-four remand that may result in an award of all of the benefits claimed.[5] The Court so held for purposes of attorney's fee awards in *Shalala,* 509 U.S. at 300–02, 113 S.Ct. at 2631.

It is true that the status of prevailing party for purposes of attorney's fees under 28 U.S.C. § 2412(d)(1)(B) does not automatically equate with status as prevailing party for purposes of appeal. There are compelling reasons, however, for declining to permit a claimant in Forney's position from appealing the remand order she succeeded in obtaining. They are the same reasons that underlay the long-established general rule that a remand to an administrative agency was not appealable, with an exception only for the Secretary who might be precluded from post-remand access to the court. *See, e.g., Perales v. Sullivan,* 948 F.2d 1348, 1353 (2d Cir.1991); *Travelstead v. Derwinski,* 978 F.2d 1244, 1247 (Fed.Cir.1992). Forney may, on remand, secure all of the relief she seeks. If she does, our decision on the mer-

---

3. For the one exception, see note 6, *infra.*

4. Although the language of § 405(g) and *Finkelstein,* 496 U.S. at 624–25, 110 S.Ct. at 2663–64, clearly support the notion that a claimant who has secured a sentence-four remand and then been denied benefits must bring a new action to contest the denial, the advantages of such a system do not spring readily to mind.

5. As the Supreme Court recognized in *Finkelstein,* there may be instances when a claimant is foreclosed by the district court's remand decision

from part of the benefits sought, and would then seek an appeal from the remand decision on the ground that broader relief should have been awarded. *See Finkelstein,* 496 U.S. at 623 n. 3, 110 S.Ct. at 2663 n. 3. Like the Supreme Court, we express no opinion on the right of the claimant to immediate appeal in that situation. *See id.* Implicit in this disclaimer, however, is the proposition that when the remand order does *not* foreclose the possibility of the claimant's obtaining all of the relief sought, it is not appealable by the prevailing claimant.

its of this appeal will have been wholly unnecessary. Review at this point would be subject to all of the disadvantages of piecemeal appeals; unnecessary decisions waste judicial effort, interfere unduly with the district courts or administrative agencies, and require us to adjudicate on less than a full record. *See Travelstead,* 978 F.2d at 1247. All of these considerations lead us to conclude that we ought not to entertain Forney's present appeal.[6]

Forney argues, however, that our analysis leaves her in considerable danger. She is the prevailing party in her civil action that resulted in a remand. Yet on some of the issues she urged, the district court ruled against her. If she is denied benefits on remand, she must seek review by commencing a new civil action. *See Finkelstein,* 496 U.S. at 625, 110 S.Ct. at 2663 ("each final decision of the Secretary will be reviewable by a separate piece of litigation"); *Frizzell,* 937 F.2d at 255. In that new action, she contends, she is likely to be foreclosed by principles of res judicata, collateral estoppel, or even *stare decisis* from contesting the court's adverse rulings in the prior action. Thus, she contends, she must be allowed to appeal those issues now or forever lose her right to contest them.

■ Although Forney's argument has some initial appeal, her dilemma is a false one. It is not surprising or unfair that, should Forney return to district court after being denied benefits on remand, the district court likely will adhere to its prior rulings. Even if the district court's remand had not been final, as *Finkelstein* requires it to be, the district court presumably would adhere to the law of the case and not reexamine its earlier rulings. The crucial question for Forney arises when she appeals to this court the adverse decision of the district court in her new civil action. Will she be foreclosed by principles of res judicata or collateral estoppel from litigating the issues decided against her in her first, final civil action, in which she "prevailed"?

The answer is "no." In the first place, it is inappropriate to hold Forney to rulings that she was precluded from appealing. In *Luben Industries, Inc. v. United States,* 707 F.2d 1037, 1040 (9th Cir.1983), we upheld a district court's refusal to hold the government collaterally estopped by an interlocutory ruling that it could not have appealed. *See also United States v. Weems,* 49 F.3d 528, 533 (9th Cir.1995) (principle that government should not be bound by ruling it could not appeal inapplicable when opposing party appealed and government was able to litigate issue on cross-appeal).

Second, collateral estoppel applies only to rulings that were essential to the judgment in the prior case. *Id.* at 532. The judgment that Forney has just secured is a sentence-four remand to the Secretary. The district court's rulings against Forney on the issues of rejection of physician's testimony, discrediting of Forney's pain testimony, and inclusion of Forney's physical limitations in the expert's hypothetical questions, were all unnecessary to the remand. The remand was based solely on the error of the vocational expert in testifying that Forney could perform occupations requiring frequent or constant reaching. Thus Forney's case falls squarely within the *Restatement* example that we quoted approvingly in *Weems,* 49 F.3d at 533:

A, as owner of a trademark, brings an action against B for infringement. B denies the validity of the trademark and denies infringement. The court finds that the trademark is valid, but that B had not

---

6. We do not follow, therefore, the example of the Tenth Circuit in *Nguyen v. Shalala,* 43 F.3d 1400 (10th Cir.1994). There the court of appeals permitted a claimant to appeal a sentence-four remand order, stating in a footnote that such remand orders were "final and appealable" under *Finkelstein. Id.* at 1402 n. 2. We have found no other published decision permitting appeal of such a remand order by a claimant. The outcome of the claimant's appeal was most unusual; the remand order, which had been invited by the Secretary, was held to be improper and the Secretary's denial of benefits was ordered reinstated. *Id.* at 1403–04. Thus the only party that appealed, the claimant, was left worse off for having appealed. We conclude that this scenario is unlikely to be repeated, and that appeal of a remand order by a claimant normally will leave further administrative proceedings to follow regardless of the outcome of the appeal. For that reason, judicial economy militates against permitting the prevailing claimant to appeal.

234

infringed it, and gives judgment for B. Thereafter A brings an action against B alleging that since the rendition of judgment B infringed the trademark. B is not precluded from defending this action on the ground that the trademark is invalid.

*Restatement Second of Judgments*, § 27, comment h, Illustration 14, "Determinations Not Essential to Judgment" (1982). Thus Forney will not be bound in a future appeal by the adverse rulings that we do not permit her to appeal today.

### III.  Conclusion

Forney prevailed in district court by securing a remand to the Secretary pursuant to sentence four of 42 U.S.C. § 405(g). The remand order terminated her civil action favorably to her, and she is the prevailing party. As a prevailing party, she cannot appeal the remand order. Accordingly, Forney's appeal is

**DISMISSED.**