**Paul K. DUFFY, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE,* Commissioner of Social Security Administration, Defendant—Appellee.**

**No. 06–55853.**

United States Court of Appeals, Ninth Circuit.

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

Submitted July 9, 2007.\*\*

Filed July 23, 2007.

Debra A. Yang, Esq., USLA–Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, Elizabeth Firer, Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

### MEMORANDUM \*\*\*

Paul Duffy appeals pro se from the district court's affirmance of the Administrative Law Judge's (ALJ) decision finding that Duffy was ineligible for supplementary security income (SSI) and had been overpaid all the benefits he received between November 1999 and October 2002. We "set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error." *Thomas v. Barnhart,* 278 F.3d 947, 954 (9th Cir.2002). We review whether the Social Security Commissioner established the fact and amount of overpayment for substantial evidence. *See McCarthy v. Apfel,* 221 F.3d 1119, 1124–25 (9th Cir.2000). We affirm.

The record contains clear evidence that the Nora Keen Duffy Trust, over which Duffy had sole control, contained funds sufficient to render Duffy ineligible for SSI benefits. *See* 20 C.F.R. § 416.1205. Duffy failed to establish that those funds were depleted or diminished and was unable to convincingly account for over $400,000 borrowed against Trust property. The ALJ's decision that Duffy was ineligible for ongoing SSI benefits and had been overpaid was supported by substantial evidence.

Duffy's remaining contentions lack merit.

**AFFIRMED.**

---

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

