
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOE M. LOPEZ, | No. 11-55086 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-06794-AHS-MAN |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Alicemarie H. Stotler, Senior District Judge, Presiding

Submitted February 11, 2013[**]
Pasadena, California

Before: BERZON and WATFORD, Circuit Judges, and CARR, Senior District
Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable James G. Carr, Senior United States District Judge for
the Northern District of Ohio, sitting by designation.

To be eligible for a waiver of overpaid Social Security benefits, Lopez has the burden of establishing that he was without fault in causing the overpayment. *See* 20 C.F.R. §§ 404.506(c), 404.507; *McCarthy v. Apfel*, 221 F.3d 1119, 1126 (9th Cir. 2000). Lopez contends that he was without fault, notwithstanding his failure to inform the Administration of his lump-sum worker's compensation payment, because multiple surgeries and the accompanying fear of dying rendered him unable to understand his obligation to report to the Administration any changes in his worker's compensation.

The ALJ determined that Lopez was not without fault in causing the overpayment because Lopez understood but failed to comply with his reporting obligation. That determination is supported by substantial evidence. *See* 20 C.F.R. § 404.507; *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (noting that substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"). In his signed application for Social Security benefits, Lopez expressly acknowledged that his reporting responsibilities had been explained to him and that he would abide by them. Those responsibilities were again communicated to Lopez by the certificate awarding him Social Security benefits. Nothing in the record suggests that Lopez failed to understand (or was unable to comply with) this reporting requirement.

2

Nor was the ALJ required to further develop the record on this score. This is not a case in which the evidence is "ambiguous" or the record is "inadequate" for the ALJ to properly evaluate the evidence presented. *See Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001). When Lopez testified before the ALJ, he mentioned his illness and his multiple surgeries, but he presented no evidence that his condition made it impossible for him to understand or to comply with his reporting obligation during the three years between his receipt of worker's compensation benefits and the Administration's notice of overpayment. Rather than close the record at the conclusion of the hearing, the ALJ left the record open for thirty days, during which Lopez failed to provide any additional evidence.

**AFFIRMED.**