NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| RICHARD TRUMAN SUTTON, | No. 15-35722 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01734-JPD |
| v. | MEMORANDUM[*] |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James P. Donohue II, Magistrate Judge, Presiding

Submitted February 9, 2017[**]

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Richard Sutton appeals the district court's order affirming the Commissioner

of Social Security's decision that he had been overpaid disability insurance

benefits ("DIB") and was not entitled to a waiver of overpayment. Sutton

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

concedes that his DIB was properly offset by a state workers' compensation benefit for the period from January through April 2011 but challenges an offset for the period from January through November 2010. We have jurisdiction under 28 U.S.C. § 1291. The Commissioner "bears the burden of proving the fact and amount of overpayment." *McCarthy v. Apfel*, 221 F.3d 1119, 1124 (9th Cir. 2000). We review the Commissioner's determination for substantial evidence. *Id*. at 1125. We reverse and remand.

Sutton's lump-sum Washington state permanent partial disability award was not a periodic benefit subject to offset. *See* 42 U.S.C. § 424a(a) (an individual's DIB must be offset by any "periodic benefits on account of his or her total or partial disability (whether or not permanent) under a workmen's compensation law or plan of the United States or a State" if the total of the two benefits exceeds a certain amount); *see also id.* § 424a(b) (a lump-sum benefit is excluded from this requirement "except to the extent that it is a commutation of, or a substitute for, period payments"). This court has held that where state law provided that a lump-sum award was intended to compensate for the economic loss of earning capacity, the award was a periodic benefit subject to offset. *Hodge v. Shalala*, 27 F.3d 430, 432-33 (9th Cir 1994). Under Washington law, however, an award of workers' compensation benefits for permanent partial disability is not wage compensation

intended to cover a claimant's lost earning capacity. *See Willoughby v. Dep't of Labor & Indus. of the State of Wash.*, 57 P.3d 611, 616-17 (Wash. 2002); *McIndoe v. Dep't of Labor & Indus.*, 26 P.3d 903, 908 (Wash. 2001). We therefore reverse the district court's judgment and remand with instructions to remand to the Commissioner for a recalculation and refund of any offset against Sutton's DIB.

**REVERSED and REMANDED.**