NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 28 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD G. STANFORD,

        Plaintiff-Appellant,

  v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

        Defendant-Appellee.

No.   19-55389

D.C. No.
8:17-cv-01781-AG-JEM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, Senior District Judge, Presiding

Submitted February 28, 2022[**]

Before:  D.W. NELSON, BRESS, and BUMATAY, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge BUMATAY.

    Richard Stanford appeals pro se the district court's decision upholding the

Commissioner of Social Security's decision that he was overpaid and was

ineligible for a waiver of overpayments of supplemental security income ("SSI")

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

benefits under Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, and we review the Commissioner's factual findings for substantial evidence. *McCarthy v. Apfel*, 221 F.3d 1119, 1122 (9th Cir. 2000). We affirm in part, vacate in part, and remand.

Stanford's request for a waiver of overpayment does not constitute an admission of the amount of overpayment. *Cf. id*. at 1125.

Stanford argues that the overpayment amount should be $5,678.00 rather than $6,919.60. The Social Security Administration's two letters detailing its reasoning, standing alone, do not constitute substantial evidence in support of the full overpayment amount. *See id*. at 1126 (providing examples of reliable evidence that the Commissioner could present to meet his burden of proving the amount of overpayment). The Social Security Administration has not otherwise identified evidence of the actual payments made to Stanford, and the ALJ did not cite any evidence beyond the two letters. We therefore vacate in part and remand.[1]

---

[1] In this case, our precedents do not require remand for the Commissioner to determine the overpayment amount. The claimant concedes that the minimum overpayment amount is $5,678.00, and the Commissioner would not be considering the claimant's fault for the overpayment because we have resolved that issue. *Cf. McCarthy*, 775 F.3d at 1127. The Social Security Administration has also already had the opportunity to prove its requested amount and did not request remand if we disagreed with the amount it seeks to recover. Remanding to the Commissioner for further evaluation of the overpayment amount would be an inefficient use of judicial and agency resources. *Treichler v. Commissioner of*

Substantial evidence supports the administrative law judge's finding that Stanford failed to return SSI payments that he knew were incorrect, and he therefore was ineligible for a waiver of the overpayments because he was not without fault. *See* 20 C.F.R. § 416.552(c) (reasoning claimant will be at fault if he does "not return a payment which he knew or could have been expected to know was incorrect").

**AFFIRMED in part; VACATED in part; and REMANDED with instructions for the district court to remand to the Commissioner for correction of the overpayment amount to $5,678.00.**

---

*Social Security Administration*, 775 F.3d 1090 (9th Cir. 2014), is not determinative because we are not ordering the payment of Social Security disability benefits.

*Stanford v. Kijakazi*, No. 19-55389

BUMATAY, Circuit Judge, Concurring in part and Dissenting in part:

I agree that we should affirm in part, vacate in part, and remand. But the majority and I part ways on the remand instructions. We are a court of review, not of first view. So we should not have decided the amount of overpayment in the first instance.

Our job was simple here—to determine whether substantial evidence supports the Commissioner's ruling on the amount of overpayment. Based on our precedent, I agree that was not the case. So we should have remanded and let the Commissioner take the lead on assessing the correct amount of overpayment. Indeed, no party asked us to calculate in the first instance the amount Stanford owes back to the government.

It may be the case that Stanford should pay $5,678.00—as he claims. Or it may be the case that the Commissioner is right, and the government can come up with suitable evidence to show that Stanford owes $6,919.60. But that's a matter we should've left to be decided on remand—as we've done before. *See McCarthy v. Apfel*, 221 F.3d 1119, 1126 (9th Cir. 2000) ("We simply hold that production of an initial determination letter is not enough and that, on *remand*, the Commissioner continues to bear the burden of establishing by substantial evidence the amount of the overpayments[.]" (emphasis added)).

1

And this case simply doesn't present the "rare circumstance[]" that would justify departing from our ordinary rule to remand in Social Security cases. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) (explaining that "rare circumstances" may exist when the record has been "thoroughly developed" and further proceedings would be of "no useful purpose").

I thus concur in part and respectfully dissent from the remand instructions.