70 F.3d 1279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry KOLKA, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
* Defendant-Appellee.
 No. 94-35785.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 14, 1995.
Decided Dec. 4, 1995.
 
 Before: BROWNING, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry Kolka appeals the district court's entry of judgment for the Commissioner of Social Security, affirming the Commissioner's denial of disability insurance benefits and supplemental security income under Title II and Title XVI of the Social Security Act. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 * Kolka contends that the ALJ was without authority to consider his ability to return to past relevant work because the Secretary had decided the issue in Kolka's favor and the ALJ had not given notice, as required by 20 C.F.R. Secs. 404.946(a) and 416.1446, in advance of the hearing that he would revisit this issue. Kolka also suggests that the ALJ didn't comply with Sec. 404.946(b), which requires that the notice be written. Because, in his view, the ALJ could not reconsider that issue, Kolka submits that his decision must be set aside as the ALJ did not proceed to step five.
 
 
 4
 We don't read either regulation to require an ALJ to notify the claimant before the hearing, or in writing, that an issue previously decided in the claimant's favor will be considered as an issue at the hearing. Section 404.946(a) expressly contemplates notification "at the hearing." Section 404.946(b) pertains to "new" issues, which we don't understand ability to return to past relevant work was in Kolka's case. Regardless, the ALJ complied by providing written notice before the hearing that, at the hearing, each and every step of the sequential analysis of the disability determination would be revisited. This written notification put Kolka on notice that all issues would be on the table, including "your ability to engage in substantial gainful activity" and "can you do the kind of work that you have done in the past."
 
 II
 
 5
 Kolka contends that the ALJ improperly separated Kolka's past work as a fire watcher and clean-up man into two separate jobs rather than treating it as one composite job. Although the vocational expert at times talked about the two individually, the ALJ found that Kolka could perform his past relevant work as a "fire watcher and clean-up man." In light of this finding, Kolka's reliance on Valencia v. Heckler, 751 F.2d 1082 (9th Cir.1985), and Armstrong v. Sullivan, 814 F.Supp. 1364 (W.D.Tex.1983), is misplaced.
 
 III
 
 6
 Kolka also contends that because the ALJ stopped at step four and did not continue to step five, the Commissioner failed to carry its burden in step five. However, once the ALJ completes a step and makes a determination that the claimant is not "disabled," the sequential process ceases. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992). The ALJ was not required to continue to step five in this case, and his failure to do so was neither a concession that the Commissioner had not proved disability at step five, nor erroneous.
 
 IV
 
 7
 Kolka contends that the ALJ and the Appeals Council improperly rejected Dr. Moulton's and Dr. Sweet's assessments of Kolka's mental residual functional capacity without stating clear and convincing reasons for doing so. Because Dr. Moulton was a nontreating/nonexamining expert, the ALJ had no obligation to give clear and convincing reasons for rejecting his opinion.
 
 
 8
 Dr. Sweet was an examining/nontreating psychologist who examined Kolka after the ALJ's denial. The Appeals Council can properly reject opinions offered after the ALJ's denial when they are inconsistent with contemporaneous evidence. Weetman v. Sullivan, 877 F.2d 20, 23 (9th Cir.1989) (rejecting late-entry opinion because it was inconsistent with contemporaneous evidence and because it was "all the less persuasive since it was obtained by [claimant] only after the ALJ issued an adverse determination"). Cf. Key v. Heckler, 754 F.2d 1545, 1550 (9th Cir.1985). Dr. Sweet's opinion regarding Kolka's mental residual functional capacity was contrary to Dr. Moulton's MFRC analysis, as well as to the opinions of other treating and examining doctors who independently examined Kolka and opined that his depression had improved, had responded favorably to medication, was not permanent but rather seemed to be linked to periods of unemployment, and that Kolka could function in the workplace.
 
 
 9
 Kolka also argues that because the Commissioner failed to provide sufficient reasons for rejecting Dr. Sweet's opinion that Kolka was disabled since late 1989, this opinion is binding under 20 C.F.R. Sec. 422.406(b). We disagree. Section 422.406(b) pertains to the publication of Social Security Rulings in the Federal Register and provides that published rulings are "binding" on all components of the Administration and "represent precedent final opinions." 20 C.F.R. Sec. 422.406(b)(2). This regulation refers only to the precedential value of prior rulings and does not state that failure to set forth sufficient reasons for rejecting a particular expert's opinion somehow "binds" the Commissioner.
 
 
 10
 Kolka also argues that the Appeals Council improperly rejected his vocational expert's opinion without stating clear and convincing reasons for doing so. As McLean was a vocational expert, not a treating or examining physician, the clear and convincing standard does not apply. Moreover, his opinion, offered only after the ALJ's denial, directly conflicted with the opinion of the vocational expert who was present at the hearing. In any event, in its letter to Kolka the Appeals Council adequately set forth its reasons for rejecting Mr. McLean's opinion. Cf. Albrecht v. Heckler, 765 F.2d 914, 915 (9th Cir.1985).
 
 
 11
 Kolka contends that the ALJ improperly rejected Kolka's own testimony about his pain and other limitations, and usurped the role of an expert by failing to consider that Kolka's psychological problems (his somatoform disorder) caused him involuntarily to feel pain. He further argues that the ALJ ignored various expert opinions regarding the somatoform disorder without articulating clear and convincing reasons for doing so. We disagree. The ALJ did not reject any opinion that Kolka had a somatoform disorder; rather, he specifically found that Kolka suffered from the disorder and concluded that nevertheless, Kolka exaggerated his pain. As the ALJ is responsible for "determin[ing] credibility" and "resolv[ing] the conflicts" in medical testimony, Allen v. Heckler, 749 F.2d 577, 579 (9th Cir.1984), he was free to do so. In any event, the ALJ relied both upon objective medical evidence and upon the inconsistencies and contradictions in Kolka's testimony, as well as other factors. These reasons are sufficient. Bunnell v. Sullivan, 947 F.2d 341 (9th Cir.1991) (en banc).
 
 V
 
 12
 Kolka takes issue with the hypothetical posed by the ALJ. First, he argues that the ALJ gave an incomplete hypothetical because he did not ask the vocational expert to assume Dr. Moulton's assessment of Kolka's mental residual functional capacity. Second, he argues that the ALJ's finding that Kolka could perform prior work is inconsistent with the hypothetical because his prior work actually required him to perform tasks that exceed the weight lifting/carrying-related exertional limitations and the stress-related non-exertional limitations posed in the hypothetical.
 
 
 13
 Kolka's first argument is unavailing. If substantial evidence does not support a particular limitation, the ALJ need not pose that limitation in the hypothetical. Dumas v. Schwieker, 712 F.2d 1545 (2d Cir.1983). In any event, Kolka does not indicate which part of Dr. Moulton's assessment was excluded, and it appears that the bulk of Dr. Moulton's opinion was in fact incorporated.
 
 
 14
 Kolka's second argument fails because despite the fact that the ALJ posed weight lifting/carrying exertional limitations and "low stress" non-exertional limitations in the hypothetical, in his actual findings, he expressly found that Kolka did not have any exertional limitations and that Kolka needed a job that was not "high stress." Thus, the ALJ's conclusion is consistent with the actual limitations the ALJ found that Kolka has.
 
 
 15
 With respect to the hypothetical exertional limitations, the ALJ instructed the vocational expert to assume that occasional but not constant lifting of "medium level weights" is permissible. The vocational expert testified that "industrial clean up" is designated "medium" work and that "fire watch" is designated "light" work in the regulations and Dictionary of Occupational Titles. "Medium" work is defined as work that "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. 404.1567(c). Therefore, as the ALJ's reference to "medium level weights" refers to up to 50 pounds, the hypothetical is consistent with the definition of "medium work." "Medium" level work of the clean-up man position is also consistent with Kolka's actual limitations found by the ALJ, in that he found that Kolka had no exertional limitations.
 
 
 16
 Kolka relies on his personal experience in his prior work, but a claimant need not perform the specific prior job he held to be capable of performing "prior relevant work"; he need only perform the type of work previously performed. Sanchez v. Secretary of Health & Human Serv., 812 F.2d 509, 511 (9th Cir.1987); Villa v. Heckler, 797 F.2d 794, 798 (9th Cir.1986).
 
 
 17
 With regard to the hypothetical non-exertional stress limitations, the ALJ instructed the vocational expert to assume a "low stress" job. The vocational expert then described the fire watch position as "going around at night checking buildings to make sure they're locked" and as "doing rounds ... on equipment watch and so forth. That's all they do.... You're just checking to make sure that no one's interfering with the machinery or whatever, the plant. Checking to make sure the doors are locked." Both the vocational expert and Dr. Moulton opined that the fire watch position was compatible with a "low stress" job. The fire watch position is also consistent with Kolka's actual stress limitations as found by the ALJ.
 
 
 18
 Kolka's argument to the contrary is not persuasive, as he relies on a DOT description of security guard (and its associated stress limitations) rather than on the vocational expert's testimony of what the "fire watch" position entails. Although the vocational expert was aware that the two positions shared the same DOT number, she did not embrace the DOT description of security guard. Rather, she offered her own expert testimony about what the "fire watch" job entailed. She was free to do so, and the ALJ could rely on her description of the fire watch job rather than on the DOT description of security guard. Barker v. Secretary of Health & Human Serv., 882 F.2d 1474, 1478 n. 1 (9th Cir.1989); Johnson v. Shalala, 60 F.3d 1428, 1434-36 (9th Cir.1995).
 
 VI
 
 19
 Kolka contends that substantial evidence does not support the ALJ's findings. We disagree. The ALJ's findings regarding Kolka's exertional limitations are supported by the reports of Kolka's treating and/or examining physicians, Drs. Nelson, Throop and Cronk. These were based largely on independent objective clinical tests and therefore can be viewed as substantial evidence. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989). Moreover, the ALJ's findings regarding Kolka's nonexertional limitations are supported by the reports of treating and/or examining doctors, Drs. Garfunkel, Smolen, Ruthven, as well as by Dr. Nelson. The supporting evidence also includes the testimony of Dr. Moulton. Although a nontreating/nonexamining physician, Dr. Moulton's opinions are supported by other evidence in the record and therefore can serve as substantial evidence. Magallanes, 881 F.2d at 752. The ALJ's findings about Kolka's ability to perform his prior work are also supported by the testimony of the vocational expert, Ms. Lesh. As set forth above, the ALJ appropriately discounted Kolka's own testimony about his pain and exertional limitations. The Appeals Council also appropriately discounted the after-the-fact contradicted opinions of Dr. Sweet and Mr. McLean.
 
 
 20
 AFFIRMED.
 
 
 
 *
 Shirley S. Chater, Commissioner of Social Security, has been substituted for Donna E. Shalala, Secretary of Health and Human Services, in accordance with P.L. 103-296, the Social Security Independence and Program Improvements Act of 1994, and pursuant to Federal Rule of Appellate Procedure 43(c)(1)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3