**Debra SMITH, Plaintiff**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant**

No. CIV. 02–17–P–H.

United States District Court, D. Maine.

Sept. 3, 2002.

Francis Jackson, Jackson & Macnichol, Portland, ME, for Debra Smith, plaintiff.

James M. Moore, U.S. Attorney's Office, Bangor, ME, Eskunder Boyd, Assistant Regional Counsel, Office of the Chief Counsel, Hung Tran, Office of General Counsel, Social Security Administration, Boston, MA, for Social Security Administration Commissioner, defendant.

## ORDER AFFIRMING RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

HORNBY, Chief Judge.

The United States Magistrate Judge filed with the court on August 12, 2002, with copies to counsel, his Report and Recommended Decision. The time within which to file objections expired on August 29, 2002, and no objections have been filed. The Magistrate Judge notified the parties that failure to object would waive their right to *de novo* review and appeal.

It is therefore ORDERED that the Recommended Decision of the Magistrate Judge is hereby ADOPTED. The commissioner's decision is AFFIRMED.

So ORDERED.

## *REPORT AND RECOMMENDED DECISION* [1]

DAVID M. COHEN, United States Magistrate Judge.

1. This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on August 8, 2002, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant

This Supplemental Security Income ("SSI") appeal raises several issues arising out of the commissioner's decision that the plaintiff was capable of returning to her past relevant work as a chambermaid: whether the administrative law judge violated 20 C.F.R. § 416.1446(a) and, if so, whether a remand is required; whether the administrative law judge properly evaluated the medical evidence; whether the administrative law judge improperly disregarded the testimony of the vocational expert; whether the administrative law judge made sufficient findings concerning the plaintiff's credibility; and whether there is sufficient evidence in the record to support the commissioner's determination. I recommend that the decision of the commissioner be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C. F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir.1982), the administrative law judge found, in relevant part, that the plaintiff had not engaged in substantial gainful activity since September 18, 1998, Finding 1, Record at 21; that the medical evidence established that she suffered from major depressive disorder, recurrent, mild and personality disorder, impairments that were severe but did not meet or equal the criteria of any of the impairments listed in Appendix 1 to Subpart P, 20 C.F.R. Part 404 (the "Listings"), Finding 2, *id.;* that her statements concerning her impairments and their impact on her ability to work were not entirely credible, Finding 3, *id.;* that she had a diminished capacity to concentrate on or attend to work tasks on a sustained basis, Finding 4, *id.;* that her past relevant work as a chambermaid did not require her to interact with the public on a regular basis nor did it require the performance of work functions precluded by her medically determinable impair-

ments, Findings 5–6, *id.;* that her impairments did not prevent her from performing her past relevant work, Finding 7, *id.;* and that she had not been under a disability as defined in the Social Security Act at any time through the date of the decision, Finding 8, *id.* The Appeals Council declined to review the decision after reviewing additional material submitted by the plaintiff's attorney, *id.* at 5–7, making it the final decision of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir.1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c); *Manso–Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir.1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Rodriguez v. Secretary of Health & Human Servs.,* 647 F.2d 218, 222 (1st Cir.1981).

In this case the administrative law judge reached Step 4 of the sequential evaluation process, at which stage the plaintiff bears the burden of proof to demonstrate inability to return to past relevant work. 20 C.F.R. § 416.920(e); *Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). At this step the commissioner must make findings concerning the plaintiff's residual functional capacity ("RFC") and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. § 416.920(e); Social Security Ruling 82–62, reprinted in *West's Social Security Re-*

statutes, regulations, case authority and page    references to the administrative record.

*porting Service* Rulings 1975–1982 ("SSR 82–62"), at 813.

### Discussion

#### A. Application of 20 C.F.R. § 416.1446

Additional procedural history of this claim is necessary for consideration of the plaintiff's argument based on 20 C.F.R. § 416.1446(a). The initial administrative determination of the Social Security Administration on the plaintiff's claim, dated February 24, 1999, included the following: "[Y]our condition keeps you from doing your past work, but it does not keep you from doing other, simpler types of routine work that does not require a lot of public contact." Record at 65, 68. This is a denial of benefits at Step 5 of the sequential evaluation process. The plaintiff requested reconsideration of this decision. Record at 69; *see* 20 C.F.R. §§ 416.1407–416.1422. On reconsideration, the agency found that "[b]ased on your description of the job you performed as a chambermaid for almost a year, we have concluded that you have the ability to return to this type of work." Record at 72–74.

The plaintiff contends that the Step 4 inquiry, the question whether she could return to her former work, "had been decided in [her] favor prior to the hearing," Plaintiff's Itemized Statement of Specific Errors ("Itemized Statement") (Docket No. 5) at 2, apparently referring to the initial agency determination on her application. She goes on to argue that, because the agency made this determination at the initial level of review, "it was not open to the A[dministrative] L[aw] J[udge] to consider whether Ms. Smith could perform past relevant work," relying on 20 C.F.R. § 416.1446(a). *Id.* at 4–5. That regulation provides:

> The issues before the administrative law judge include all the issues brought out in the initial, reconsidered or revised determination that were not decided entirely in your favor. However, if evi-

dence presented before or during the hearing causes the administrative law judge to question a fully favorable determination, he or she will notify you and will consider it an issue at the hearing.

20 C.F.R. § 416.1446(a).

The plaintiff also invokes subsection (b) of this regulation, Itemized Statement at 5–6, which requires an administrative law judge who considers a new issue at the hearing before him to notify the claimant of that fact before mailing notice of the hearing decision. However, there is no sense in which the plaintiff's status at Step 4 could be considered a "new" issue at the time of the hearing in this case; the reconsideration decision had been made at that step. The plaintiff had notice of the possibility that her application would be denied at that step well before the hearing. She is not entitled to remand under subsection (b).

■ The plaintiff's argument under subsection (a) would make it impossible for the agency on reconsideration, an administrative step that is required under the regulations before a hearing may be held before an administrative law judge, to find that a claimant is not entitled to benefits at any step in the sequential evaluation process lower than that identified in its initial determination. Such a barrier at the second level of review is unlikely to be established *sub silentio* by a regulation governing review at the third level of the process. The agency never made a decision "entirely ... in favor" of the plaintiff at either level. To be sure, the determination at the initial level that the plaintiff was not disabled at Step 5 could not have been reached without a determination at Step 4 that the plaintiff could not return to her past relevant work, but that Step 4 conclusion is not "entirely in favor" of the plaintiff unless and until a determination is made at Step 5 that there is also no other

work available in the national economy which the plaintiff is capable of performing. The only case law on point which my research has located does not support the plaintiff's position on this issue. In *Highfill v. Bowen*, 832 F.2d 112, 115 (8th Cir. 1987), the court held that the identical regulation applicable to claims for Social Security Disability benefits, 20 C.F.R. § 404.946(a), "provides that the ALJ may reexamine a favorable determination if evidence presented during the hearing calls the determination into question." Thus, even if the initial finding at Step 4 that was included in the determination at Step 5 is appropriately characterized as a determination, and as one that was entirely favorable to the plaintiff, the administrative law judge committed no error by reconsidering it given the evidence available at hearing, which is discussed in greater detail below. *See also McCarthy v. Apfel*, 221 F.3d 1119, 1127 (9th Cir.2000); *Kolka v. Chater*, 70 F.3d 1279 (table), 1995 WL 713218 (9th Cir.1995) (ALJ may deny application at Step 4 when initial denials had been at Step 5; ability to return to past relevant work not "new" issue).

## B. Testimony of the Vocational Expert

The plaintiff next argues that the administrative law judge was not entitled to rely on the response of the vocational expert who testified at the hearing to the judge's first hypothetical question because that question did not include the non-exertional limitation of inability to concentrate and attend beyond a period of 15 minutes, arising from deficiencies in concentration, persistence and pace resulting in failure to complete tasks in a timely manner that occur often. Itemized Statement at 2–4.

When a question including that limitation was asked, the vocational expert testified that no jobs would be available for the plaintiff. Record at 60–61.[2]

The administrative law judge is not required to accept the non-exertional limitations asserted by the plaintiff for purposes of questioning a vocational expert. If there is substantial evidence to support the administrative law judge's decision to exclude the limitation at issue, nothing further is required. The plaintiff asserts that the mental RFC evaluations performed for the state agency "contain the conclusion that Ms. Smith would often have deficiencies in concentration, persistence or pace resulting in failure to complete tasks in a timely manner, the very problem that [the vocational expert] testified would prevent her from being able to hold any jobs." Itemized Statement at 4. This argument ignores other evidence in the record which the administrative law judge was entitled to, and did, consider.

██ When the administrative law judge relies on the response of a vocational expert to a particular question, that question must accurately reflect the medical evidence in the record. *Rose v. Shalala*, 34 F.3d 13, 19 (1st Cir.1994). The plaintiff contends, Itemized Statement at 4, that only the second hypothetical posed to the vocational expert, the response to which the administrative law judge did not adopt, accurately reflected the record, because both non-examining psychologists for the state agency who completed mental evaluations checked the box marked "often" following the entry "deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner (in work settings or elsewhere)," Rec-

---

**2.** In addressing this issue, I have relied on the parties' stipulation amending the hearing transcript. Motion to Correct the Record (Docket No. 6) at [2]; Defendant's Stipulation to Plaintiff's Motion to Correct the Record (Docket No. 9); Letter dated July 12, 2002 from counsel for the plaintiff to Case Manager Marie Cross (Docket No. 10).

ord at 152, 186. The two hypothetical questions, and the vocational expert's responses, follow:

Q Okay. Then let's look at a hypothetical worker. Let's look—and this is actually just trying to put together all of the RFC's and notes that are in here since there doesn't seem to be one that, that gives me an absolute. We're looking at hypothetical individual who has no exertional limitations and this hypothetical individual has the same age, education and past relevant work as our particular claimant. No physical limitations, but does have the ability to reason concretely. Capable of one, two step instructions not requiring attention and concentration to a great extent [,] to a high degree. Requires a routine job, not a high production job, but a predictable work pace. And finally a job that doesn't require a lot of exposure to the public. Now, could this hypothetical person return to any of the past relevant work of the claimant?

A Yes, ma'am.

Q Which one?

A The chamber maid position.

&ast; &ast; &ast; &ast; &ast; &ast;

Q If we look at a new hypothetical individual who has as the claimant has described—again I'm going to have no physical limitations. Someone who is unable to attend and concentrate beyond a fairly short period of time, 15 minutes, can only handle a job with the following requirements—it needs to be non-stressful, no production quotas, no deadlines, capable of relatively independent activity. Could that hypothetical person return to any past relevant work of this claimant?

A No, she could not.

Q Other work?

A No, ma'am, she could not.

&ast; &ast; &ast; &ast; &ast; &ast;

Plaintiff's Attorney ... I'm assuming that the ALJ ... during this last hypothetical she was describing a person who often has deficiencies in concentration, persistence [or] pace resulting in failure to complete tasks in a timely manner. Is that ... the way you were interpreting it?

A Yes.

Record at 59–61; Motion to Correct Record at 2. Neither of the reports of the non-examining reviewers on which the plaintiff relies describes a limitation in concentration of 15 minutes. The first of the two reviewers, Peter G. Allen, Ph.D., in the section of the Mental Residual Functional Capacity Assessment form entitled "Sustained Concentration and Persistence" noted at paragraph 11 that the plaintiff's ability to complete a normal work day and work week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods would be moderately limited only initially. Record at 155. He also stated that the plaintiff "can handle at least routine [jobs] ... and function [with] normal breaks." *Id.* at 156.

The second of the two reviewers, Scott Hoch, Ph.D., found that the plaintiff's ability was not significantly limited with respect to the same paragraph of the Mental Residual Functional Capacity Assessment form, *id.* at 189, and noted that the plaintiff "can attend to and remember at least simple tasks," *id.* at 190. The administrative law judge expressly relied on Dr. Hoch's evaluation, *id.* at 18, and the first hypothetical question is consistent with his report. That is sufficient medical evidence to support the administrative law judge's reliance on the vocational expert's response to that questions. The reviewing psychologists' reports did not require the administrative law judge to adopt the voca-

tional expert's response to the second hypothetical question.

### C. Evaluation of Medical Evidence/Sufficiency of Evidence

■ The plaintiff relies on essentially the same argument set forth in connection with the hypothetical questions posed to the vocational expert to support her contentions that the administrative law judge failed properly to evaluate the medical evidence and lacked substantial evidence to support her conclusions. Itemized Statement at 6–9. The argument fails in this context for essentially the same reasons. The plaintiff asserts that "[t]here is simply not substantial evidence to support the RFC for full time work (of any sort) attributed to Ms. Smith by the ALJ in light of her non-exertional limitations," *id.* at 6, but the reports of the two reviewing psychologists already discussed both support such an RFC. The plaintiff next contends that the ALJ should have relied on Dr. Allen's RFC rather than Dr. Hoch's RFC because the former "more accurately portrays the personality disorder condition" suffered by the plaintiff. *Id.* at 7. To the extent that the evaluations may accurately be described as conflicting, an administrative law judge is entitled to credit either of two conflicting medical reports, so long as she gives adequate reasons for doing so. *Rodriguez Pagan v. Secretary of Health & Human Servs.*, 819 F.2d 1, 3 (1st Cir. 1987). To the extent that Dr. Allen's analy-sis may accurately be said to conflict with that of Dr. Hoch, the administrative law judge adequately described her reasons for adopting Dr. Hoch's analysis in this case. Record at 15–20.[3]

### D. Credibility

■ The plaintiff's final attack on the commissioner's decision is based on the assertion that the administrative law judge's assessment of her credibility is not supported by substantial evidence. Itemized Statement at 9–13. An administrative law judge "must make specific findings as to the relevant evidence he considered in determining to disbelieve the [applicant]." *Da Rosa v. Secretary of Health & Human Servs.*, 803 F.2d 24, 26 (1st Cir.1986). In order to enable the court to review the administrative law judge's decision against this standard, the plaintiff must identify those specific portions of her testimony which she contends the administrative law judge disbelieved and which would also have affected the outcome of the hearing in her favor if believed. Otherwise, the administrative law judge's credibility determination is irrelevant to the outcome. Here, the plaintiff identified only two such instances in her itemized statement, neither of which, strictly speaking, involves either her testimony or a necessary evaluation of her credibility. She states that (i) "the ALJ fails to even mention that Ms. Smith behaved very unusually at the hearing, rocking back and forth in her chair,"

3. The plaintiff also argues that the fact that she was "referred to Vocational Rehabilitation" is evidence that she was disabled at Step 4 or Step 5 because "as a general rule, persons receiving vocational rehabilitation are presumptively entitled to ongoing disability benefits." Itemized Statement at 8. However, none of the regulations cited by the plaintiff in this regard supports her conclusion. First, all but one of the regulations she cites deal with referral by the Social Security Administration to vocational rehabilitation; there is no evidence in this case that the plaintiff was so referred. Second, the regulations cited by the plaintiff make clear that a person not otherwise entitled to Social Security disability benefits may receive vocational rehabilitation services. *E.g.*, 20 C.F.R. §§ 416.1331, 416.1338, 416.1710 ("We will make this referral [for vocational rehabilitation services] when we find you eligible for benefits or at any other time that we find you might be helped by vocational rehabilitation services.").

which she asserts is evidence contrary to the administrative law judge's conclusion that the plaintiff "is only slightly limited in terms of her ability to maintain social functioning," and (ii) the fact that she "was fired from almost every job due to her symptoms" is evidence of deterioration in work settings that was not acknowledged by the administrative law judge. Itemized Statement at 12.

With respect to the first instance, even accepting the dubious assertion that rocking back and forth in one's chair indicates more than a slight limitation in the ability to maintain social functioning, both of the psychologist examiners determined that the plaintiff had only slight difficulties in maintaining social functioning, Record at 152, 186, and Dr. Hoch stated that she "can interact appropriately with others," *id.* at 190. Assuming *arguendo* that rocking back and forth in one's chair during a hearing is evidence of inability to maintain social functioning, these reports are inconsistent with this evidence and accordingly constitute a basis for the administrative law judge's credibility finding, as she noted in her decision. Record at 17.

With respect to the second instance, the evidence does not support the sweeping assertion that the plaintiff "was fired from almost every job due to her symptoms." The pages of the record cited by the plaintiff in support of this assertion demonstrate only that she testified that she was fired from a job at the Buxton town hall, where "they said I was having trouble . . . with my memory retaining information. And then I go into People's Heritage Ban[k] and the same thing I got fired from there," that someone at the Buxton town hall said that she "wasn't retaining and wasn't fast enough," and that she voluntarily left a job doing motor vehicle registration for the City of Saco. Record at 34–35, 39. This is not evidence of "episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms," in the words of the Psychiatric Review Technique Form. *Id.* at 25. Even if it were such evidence, the reviewing psychologists found that the plaintiff's ability to respond appropriately to changes in the work setting was either not significantly limited or moderately limited, *id.* at 155, 189, and suggested work limitations that were consistent with the first hypothetical question posed to the vocational expert by the administrative law judge, *id.* at 156, 190. Indeed, Dr. Hoch stated that "actual clinical symptoms do *not* support her subjective impression." *Id.* at 190 (emphasis in original). Even if the court were to accept the plaintiff's characterization of her testimony on this point, therefore, the reports of the psychologists, as noted by the administrative law judge, *id.* at 17, are inconsistent with her testimony and do support the credibility finding. Nothing further is required in this case.

■ At oral argument, counsel for the plaintiff identified her testimony at page 60 of the administrative record as additional evidence which would have affected the outcome of the hearing if it had been believed by the administrative law judge. At that point in the hearing, the plaintiff interrupted the administrative law judge's questioning of the vocational expert to say that "I did that [apparently, work as a chambermaid] in Displaced Homemakers . . . and the same thing I start going in my head because it gets so boring that I go into my head and . . . I'm somewhere else . . . . I go somewhere else, distracted like." Record at 60. She added, "That's . . . the focusing I'm talking about. That's why it's so hard for me to stay on what I'm suppose [sic] to do." *Id.* The administrative law judge found that the plaintiff "often experiences deficiencies in concentration,

persistence and pace," *id.* at 20, so it cannot reasonably be said that the administrative law judge disbelieved or discounted this testimony from the plaintiff. For the reasons already discussed, this limitation is not inconsistent with the finding that the plaintiff could return to her past relevant work as a chambermaid. The plaintiff is not entitled to remand on the basis of the administrative law judge's assessment of her credibility with respect to this testimony.

### Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within ten (10) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Aug. 12, 2002.